IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EDITH MARIE LYON                                                    PLAINTIFF

vs.                            Civil No. 6:14-cv-06122

CAROLYN W. COLVIN                                                   DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Edith Marie Lyon ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of

disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff filed her disability applications on February 14, 2011 (SSI) and on February 16,

2011 (DIB).  (Tr. 34, 191-206).  In her applications, Plaintiff alleges being disabled due to arthritis,

back problems, and blindness in her right eye.  (Tr. 217).  Plaintiff alleges an onset date of

September 1, 2007.  (Tr. 34).   These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The
transcript pages for this case are referenced by the designation "Tr."

reconsideration.  (Tr. 100-105).  Thereafter, Plaintiff requested an administrative hearing on her

denied applications, and this hearing request was granted.  (Tr. 73-99).

On April 24, 2013, the ALJ held an administrative hearing on Plaintiff's applications in Hot

Springs, Arkansas.  (Tr. 73-99).  During this administrative hearing, Plaintiff was present and was

represented by counsel, Randolph Baltz.  *Id.*  Plaintiff, Vocational Expert ("VE") Myrtle Johnson,

and a witness for Plaintiff testified at this hearing.  *Id.*   During this hearing, Plaintiff testified she

was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c)

(2008) (SSI) and under 20 C.F.R. § 404.1563(c) (2008) (DIB).  (Tr. 77).  As for her education,

Plaintiff testified she had only completed the eighth grade in school.  *Id.*

After this hearing, on May 24, 2013, the ALJ entered an unfavorable decision denying

Plaintiff's disability applications.  (Tr. 31-43).  In this decision, the ALJ determined Plaintiff met the

insured status requirements of the Act through December 31, 2009.  (Tr. 37, Finding 1).  The ALJ

determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 1,

2007, her alleged onset date.  (Tr. 37, Finding 2).  The ALJ determined Plaintiff had the following

severe  impairments:  coronary  artery  disease,  osteoarthritis,  decreased  vision  in  her  right  eye,

borderline intellectual functioning, and anxiety disorder.  (Tr. 37, Finding 3).  However, the ALJ also

determined Plaintiff's impairments did not meet or medically equal the requirements of any of the

Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 37-39,

Finding 4).

In this decision, the ALJ evaluated  Plaintiff's subjective complaints and determined her

Residual Functional Capacity ("RFC").  (Tr. 39-41, Finding 5).  First, the ALJ evaluated Plaintiff's

subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the

ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 461.967(b) except the claimant cannot read print smaller than in children's books. The claimant is able to understand, retain, and carry out simple instructions, make simple work-related decisions, perform work where the complexity of task is learned and performed by rote with few variables little judgment; work with few changes, work where interpersonal contact is incidental to work; and work where supervision is simple, direct and concrete. Secondary to anxiety she cannot deal with the general public.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW she could perform. (Tr. 41, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 42, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Considering Plaintiff's age, education, work experience, and RFC, the VE testified such an individual retained the capacity to perform the following two light, unskilled occupations: (1) silver wrapper with 3,970 such jobs in Arkansas and 504,280 such jobs in the United States and (2) basket filler with 12,160 such jobs in Arkansas and 394,270 such jobs in the United States. *Id.* Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from September 1, 2007 through the date of the ALJ's decision or through May 24, 2013. (Tr. 42, Finding 11).

Thereafter, on November 12, 2014, Plaintiff filed the appeal in the present matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 2, 2014. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ erred by making inconsistent findings at Step Four and Step Five; and (2) the ALJ erred in assessing her RFC.  ECF No. 14 at 3-7.  The Court will address both of these arguments.

   A.      **Consistency of the ALJ's Findings**

Plaintiff claims the ALJ's Step Four determination and the ALJ's Step Five determination are inconsistent findings.  ECF No. 14 at 3-5.  In his decision, the ALJ found Plaintiff did not retain the capacity to perform her PRW as a maid (light, unskilled) while at the same time found she retained the capacity to perform two other light, unskilled occupations, silver wrapper and basket

filler. *Id.* Plaintiff's argument is that the ALJ should not have found she could perform these two occupations *and* found she *could not* perform her PRW as a maid because all of these occupations are light, unskilled. *Id.* As Plaintiff argues, if she can perform two of these occupations, then she should be able to perform all three of these occupations. *Id.*

Upon review, the Court finds this was not in any way an inconsistent finding. Indeed, Plaintiff's past work as a maid does not qualify as PRW because this work was too remote:

> Q:     Please describe her past relevant work.
>
> A:     Housekeeper, motel, with a <u>DOT</u> of 323.687-014, with the light exertional
>        level, and SVP code of two, unskilled. Poultry farm work–
>
> Q:     *No, excluding those.*
>
> A:     I'm sorry?
>
> Q:     *That's too far in advance.*

(Tr. 94) (emphasis added). Thus, because this job did not qualify as her PRW, the ALJ certainly did not err in finding she could no longer perform this PRW.

**B.     RFC Determination**

Plaintiff claims the ALJ's RFC determination lacks specificity. ECF No. 14 at 5-7. Specifically, Plaintiff attacks (1) the ALJ's restriction that she is unable to read "print material smaller than in a children's book" and (2) the ALJ's stated mental limitations. *Id.*

In his opinion, the ALJ found Plaintiff retained the following RFC:

After careful consideration of the entire record, the undersigned finds that the

claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 461.967(b) except the claimant cannot read print smaller than in children's books.  The claimant is able to understand, retain, and carry out simple instructions, make simple work-related decisions, perform work where the complexity of task is learned and performed by rote with few variables little judgment; work with few changes, work where interpersonal contact is incidental to work; and work where supervision is simple, direct and concrete.  Secondary to anxiety she cannot deal with the general public.

(Tr. 39-41, Finding 5). "Light work" includes the following limitations:

(b) Light work.  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) and 416.967(b).

First, as for her visual limitations, the DDS physicians who reviewed Plaintiff's records actually found she should "avoid work that required reading anything smaller than newsprint." (Tr. 552, 566).  Thus, by finding he could not "read print smaller than in children's books," the ALJ was giving the benefit of the doubt to Plaintiff and restricting her *more than* the DDS physicians had restricted her.

Second, as for her mental restrictions, Plaintiff offers no authority for her claim that the ALJ's stated mental restrictions were too vague.  ECF No. 14 at 5-7.  Further, Plaintiff does not identify any mental restrictions that were supported by the record and yet absent from the ALJ's decision.  Thus, the Court cannot find a basis for reversal on this issue.  *See McCoy v. Astrue,* 648

7

F.3d 605, 615 (8th Cir. 20011) (holding "[w]e review the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but we do not require an ALJ to mechanically list and reject every possible limitation").

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of August 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE